**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000006
11-MAY-2018
08:37 AM**

NO. CAAP-18-0000006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF
THE MAMERTO V. AND GUADALOPE C. FERMIN
REVOCABLE TRUST DATED JULY 15, 1994

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 12-1-0105)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that, in the absence of a judgment that satisfies the requirements of Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 34 of the Hawaiʻi Probate Rules (HPR), we lack appellate jurisdiction over Co-Trustee/Appellant Elizabeth L. Sur's (Sur) appeal from the Honorable R. Mark Browning's December 5, 2017 interlocutory order denying Sur's August 2, 2017 motion to set aside a May 19, 2017 interlocutory order granting Co-Trustee/Appellant Florencio Roy Fermin's (Florencio Fermin) August 1, 2016 petition to confirm the sale of real property in the Probate Court's trust proceedings in T. No. 12-1-0105. As explained below, if the Probate Court is not yet ready to finally close Trust No. 12-1-0105 by way of a final judgment pursuant to HPR Rule 34(c), then an interlocutory order that resolves a petition becomes eligible for appellate review only if the Probate Court

exercises its discretion to reduce the interlocutory order to an HRCP Rule 54(b)-certified judgment pursuant to HPR Rule 34(a).

HRS § 641-1(a) authorizes appeals from a Probate Court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated HPR Rule 34 for, among other things, trust proceedings (see HPR Rule 1), which generally require the entry of a judgment for the purpose of perfecting an aggrieved party's right to appellate review:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>     (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
>     (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
>     (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>     (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). In cases where HPR Rule 34 applies, the Supreme Court of Hawai'i has consistently held that when "final judgment terminating the proceeding has not been entered, and these [appealed] orders were not certified for appeal[,] . . . those orders are not before us." In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006). On February 16, 2018, the Probate Court clerk filed the record on appeal for appellate court case number CAAP-18-0000006, which does not contain an appealable final judgment under HRS § 641-1(a) and HPR Rule 34(c), or an HRCP Rule 54(b)-certified judgment pursuant to HPR Rule 34(a).

Granted, under other circumstances, the Supreme Court of Hawai'i has held that, when the record on appeal indicates that all claims against all parties have been resolved and the only thing lacking for the perfection of an aggrieved party's right to appeal is the entry of a final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016), and temporarily remand the case to the trial court with instructions to enter the final judgment. Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017). However, the instant case is distinguishable from the circumstances in Waikiki, because the record in the instant case does not clearly indicate that the omission of an HRCP Rule 54(b)-certified judgment is a mere oversight on the part of the Probate Court in these ongoing trust proceedings that have not yet concluded.

Indeed, the omission of an appealable judgment may well be intentional. "Rule 54(b) does not prescribe any procedure for obtaining a certificate. Although the normal procedure is to request such certification by motion, a trial court may consider the matter sua sponte in an appropriate case. See 10 Wright, Miller & Kane § 2660." Arimizu v. Fin. Sec. Ins. Co., 5 Haw. App. 106, 112, 679 P.2d 627, 633 (1984). In the absence of a motion for HRCP Rule 54(b) certification, it is not obvious from the record whether the parties and/or the Probate Court ever intended to reduce any dispositive interlocutory order to a separate HRCP Rule 54(b)-certified judgment pursuant to HPR Rule 34(a). In Florencio Fermin's February 26, 2018 statement contesting jurisdiction, Florencio Fermin asserts that the Probate Court intentionally refrained from reducing the May 19, 2017 order granting Florencio Fermin's August 1, 2016 petition to confirm the sale of real property to a separate HRCP Rule 54(b)-certified judgment pursuant to HPR Rule 34(a) because the Probate Court wanted to ensure that it would retain jurisdiction over this case in the event that the sale of the real property did not take place, which, in turn, would necessitate further Probate

-3-

Court proceedings. In Sur's February 26, 2018 statement of jurisdiction, Sur does not indicate that the Probate Court or any party intended for the Probate Court to reduce its dispositive ruling to a separate HRCP Rule 54(b)-certified judgment pursuant to HPR Rule 34(a). In light of the fact that the Probate Court appears to have refrained from exercising its discretion to certify its ruling for an appeal pursuant to HRCP Rule 54(b), we will not interfere with the Probate Court's discretion in this ongoing trust proceeding. Absent an appealable final judgment, we lack appellate jurisdiction, and Sur's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000006 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 11, 2018.


Chief Judge


Associate Judge


Associate Judge